# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| JACKY JOHNS,  )<br>             )<br>     Plaintiff,  )<br>             )<br>v.           )<br>             )<br>SPIRIT AIRLINES, INC.  )<br>             )<br>     Defendant.  )<br>             ) | Case No.:<br><br>Judge<br><br>COMPLAINT |

Plaintiff, for her cause of action against Defendants, alleges that:

## PARTIES

1. Plaintiff JACKY JOHNS is a resident of the State of New York, residing at 2419 Richmond Road, Staten Island, New York 10306.

2. Defendant SPIRIT AIRLINES, INC ("SPIRIT") is a global airline serving over 83 destinations in 17 countries throughout North America, Central America, and South America.

3. SPIRIT is a domestic corporation incorporated under the laws of the State of Delaware with a principal place of business in Miramar, Florida.[1]

4. As a global airline, SPIRIT does business in the State of New York and operates out of both LaGuardia Airport and John F. Kennedy International Airport in New York City.

## JURISDICITION AND VENUE

5. This Court has jurisdiction over this dispute pursuant to 28 USC § 1332, as it is a dispute between citizens of different States and the amount in controversy exceeds $75,000.

---

[1] SPIRIT Airline, Inc. Certificate of Incorporation -
https://www.sec.gov/Archives/edgar/data/1498710/000119312511146685/dex31.htm

6. Venue is proper in this district pursuant to 28 USC § 1391(a)(1), as SPIRIT does business in New York and is subject to in personam jurisdiction in New York.

## FACTS COMMON TO ALL COUNTS

7. Jacky Johns was a lawful passenger on a SPIRIT flight on March 1, 2024. flying from Palm Beach International Airport, Florida, to LaGuardia Airport, New York.

8. During the flight, Mr. Johns attempted to use the restroom. The floor was wet, slippery, and unsafe due to water and/or urine accumulation.

9. In addition to the hazardous conditions in the restroom, the door required excessive force to open.

10. When Mr. Johns finished using the restroom, the excessive force needed to pull open the door and the hazardous conditions of the wet floor caused him to slip and fall backward.

11. As Mr. Johns fell, his head made contact with the toilet seat, causing him to lose consciousness.

12. SPIRIT employees Gabrielle Torres, Anna Johnson, Alexis Torres, Karen Donald, and Savannah Vignati were working on the flight on March 1, 2024, and witnessed the unconscious Mr. Johns after his fall. The SPIRIT employees attributed Mr. Johns' fall to the unsafe conditions of the restroom.

13. After the plane landed at LaGuardia Airport, Mr. Johns was admitted to New York Presbyterian Hospital. He was diagnosed with a concussion prior to being discharged with instructions for follow-up.

14. Since being discharged from New York Presbyterian Hospital, Mr. Johns suffers from headaches, dizziness, and pain on the right side of his body.

15. On March 6, 2024, while Mr. Johns was visiting his daughter and grandchildren, he abruptly fainted, prompting his family to send him to the Emergency Room at Stony Brook University Hospital on March 7, 2024.

16. At Stony Brook University Hospital, a CT scan was taken, which revealed that Mr. Johns suffered a 1.5mm Left Supraclinoid internal carotid artery aneurysm.

17. As a result of falling on his head on the SPIRIT flight, Mr. Johns suffered various injuries, including but not limited to a traumatic injury of the head, concussion with loss of consciousness, nausea, visual disturbances in seeing nonexistent sparks, musculoskeletal pain of right upper and lower extremities, as well as severe and intense emotional anguish, distress and embarrassment.

## AS AND FOR A FIRST COUNT FOR NEGLIGENCE

18. Plaintiff repeats, realleges and reaffirms paragraphs one (1) through seventeen (17) as if fully set forth herein.

19. At all relevant times, defendant SPIRIT was and is a common carrier for hire, owing the highest duty of care to its passengers in the operation of flights; in the adoption, maintenance and proper implementation of policies and procedures for transportation of passengers; the adoption, maintenance and proper implementation of policies and procedures for responding to foreseeable medical emergencies during domestic flight; the training, education and instruction of flight and cabin crews on procedures for clearing hazardous conditions; the training, education and instruction of flight and cabin crews on procedures for responding to passenger medical emergencies; the proper maintenance of cabin equipment and supplies, including restroom doors so as to keep them operational.

20. Defendant SPIRIT caused or allowed the hazardous condition of the wet restroom floor and the restroom door, causing Plaintiff to fall and sustaining the injuries mentioned above.

21. The occurrence as described herein and the results and consequences thereon were caused by the carelessness and negligence of defendant, SPIRIT, its agents, servants, licensees and/or employees, concerning the ownership, operation, maintenance, management and control of the restroom aboard the flight; in failing to maintain its restroom in a reasonably safe condition; in causing and permitting the hazardous conditions to develop and remain in a hazardous and dangerous condition; in causing, creating and permitting to exist a falling hazard within the areas where passengers were known and permitted to venture; in failing to provide reasonable and adequate protection to its customers; in failing to perform reasonable and necessary inspections; in having actual and constructive notice of an unsafe and dangerous condition and failing to remedy same within a reasonable time; in negligently and unnecessarily exposing and subjecting the plaintiff to harm, danger and injury; in being vicariously liable thorough the doctrine of respondeat superior for the negligence of its agents, servants and employees; that the defendant SPIRIT, failed to discharge its duties as a common carrier to safely transport the plaintiff; and the defendant SPIRIT was otherwise negligent and careless.

22. Defendant SPIRIT was the actual and proximate cause of Plaintiff's injuries.

23. Defendant SPIRIT is liable for causing and permitting plaintiff JACKY JOHNS to sustain bodily injuries as well as severe and intense emotional anguish, distress, and embarrassment while a passenger on a SPIRIT Flight from Florida to New York.

24. Defendant SPIRIT did not take all necessary measures to avoid the subject incident and injuries to the plaintiff JACKY JOHNS.

25. That by reason of the foregoing defendant SPIRIT is liable to pay full, fair and reasonable damages to the plaintiff and any additional recovery under all applicable laws providing for recovery of damages.

## AS AND FOR A SECOND COUNT FOR NEGLIGENT TRAINING, RETENTION, SUPERVISION AND HIRING

26. Plaintiff repeats, realleges and reaffirms paragraphs one (1) through twenty-four (24) as if fully set forth herein.

27. Defendant SPIRIT was negligent in its hiring, training, supervision, discipline, promotion and retention of the employees charged with securing the restroom area to be free of hazardous conditions.

28. Defendant SPIRIT was negligent in its hiring, training, supervision, discipline, promotion and retention of the employees charged with ensuring passenger safety.

29. Defendant SPIRIT knew or should have known its employees were incapable of performing their jobs in a safe, courteous and professional manner.

30. Defendant SPIRIT, by and through its agents, servants and employees, is liable in causing and permitting plaintiff JACKY JOHNS to sustain bodily injuries as well as severe and intense emotional anguish, distress and embarrassment while a passenger on a SPIRIT Flight from Florida to New York.

31. That by reason of the foregoing defendant SPIRIT is liable to pay full, fair and reasonable damages to the plaintiff and any additional recovery under all applicable laws providing for recovery of damages.

## DEMAND FOR JURY

32. Plaintiffs hereby demand a trial by jury of all issues in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff JACKY JOHNS demands judgment on all counts as follows:

(a) For compensatory, including incidental and consequential damages;

(b) For attorney's fees and costs;

(c) For pre- and post-judgment interest; and

(d) For such other and further relief as the Court may deem just and equitable.

Dated: New York, New York
January 7, 2025

                                      Caitlin Robin & Associates PLLC
                                      Attorneys for Plaintiff

                                      _____
                                      Emma J. Wiegand
                                      Caitlin Robin & Associates PLLC
                                      30 Broad St., Suite 702
                                      New York, New York 10004
                                      (646) 524-6026